UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIGNA URBINA,

Plaintiff,

v.

SUNNYVALLEY SMOKED MEATS, INC.,

Defendant.

No. 2:25-cv-02151-TLN-AC

**ORDER**

This matter is before the Court on Defendant Sunnyvalley Smoked Meats, Inc.'s[1] ("Defendant") Partial Motion to Dismiss. (ECF No. 16.) Plaintiff Digna Urbina ("Plaintiff") filed an opposition.[2] (ECF No. 21.) Defendant filed a reply. (ECF No. 22.) For the reasons set forth below, the Court GRANTS Defendant's Partial Motion to Dismiss.

[1] Defendant contends Plaintiff incorrectly sued Sunnyvalley Smoked Meats, Inc. ("Sunnyvalley"), as Sunnyvalley has merged with and into JBS Prepared Foods, Inc. and has ceased to exist. (ECF No. 16-1 at 2 n.1.) According to Defendant, Sunnyvalley was erroneously named as a defendant. (*Id.*) Should the parties wish to formally change the defendant being sued, they must file a stipulation and proposed order with the Court.

[2] Plaintiff filed two oppositions that are identical except for the listed counsel of record. (ECF Nos. 18, 21.) Because the two oppositions are substantively identical and Defendant's reply addresses the later-filed opposition, the Court STRIKES the earlier-filed opposition (ECF No. 18) as redundant. *See* Fed. R. Civ. P. 12(f)(1) (permitting "[t]he court [to] strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter" "on its own").

## I. Factual and Procedural Background

The instant action arises from Defendant's alleged discrimination against Plaintiff on the basis of her disability and alleged violation of state wage and hour laws. Plaintiff began working as a packer for Defendant in January 2007 and alleges that she suffered hand and hip injuries during her employment. (ECF No. 15 at 3.) Plaintiff alleges Defendant discouraged her from filing an injury report, failed to reasonably accommodate the disability that resulted from her injuries, and, when she complained, wrongfully terminated her employment. (*Id.* at 3–4.) Additionally, Plaintiff claims Defendant failed to provide Plaintiff full respite periods, failed to pay her wages she was due, and violated record-keeping laws. (*Id.* at 4.)

On June 27, 2025, Plaintiff filed this civil action in San Joaquin County Superior Court. (ECF No. 1-5 at 1.) Defendant removed the action to this Court on July 31, 2025. (ECF No. 1 at 1.) On October 2, 2025, Plaintiff filed the First Amended Complaint ("FAC"), alleging state law claims for: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to prevent discrimination in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to engage in a good-faith interactive process in violation of FEHA; (5) retaliation in violation of FEHA; (6) retaliation in violation of the California Family Rights Act ("CFRA"); (7) interference in violation of the CFRA; (8) retaliation in violation of California Labor Code § 1102.5; (9) wrongful termination in violation of public policy; (10) failure to provide meal periods; (11) failure to provide rest breaks; (12) failure to pay wages due upon termination, including waiting time penalties; (13) failure to issue accurate and itemized wage statements; and (14) unlawful business practices in violation of California Business and Professions Code § 17200 et seq., also known as the Unfair Competition Law ("UCL"). (ECF No. 15 at 5–25.) Defendant filed the instant motion to dismiss the UCL cause of action on October 16, 2025. (ECF No. 16.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. ANALYSIS

Plaintiff's fourteenth cause of action is a UCL claim against Defendant. (ECF No. 15 at 25.) Plaintiff alleges Defendant's violations of California labor laws constitute unlawful business practices. (*Id.*) As part of this claim, Plaintiff seeks "damages and/or restitution of all monies and profits to be disgorged from Defendants" based on the injuries she allegedly suffered. (*Id.*)

"Business and Professions Code [§] 17200 et seq. prohibits unfair competition, including unlawful, unfair, and fraudulent business acts. The UCL covers a wide range of conduct." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) (footnote omitted). "While the scope of conduct covered by the UCL is broad, its remedies are limited." *Id.* at 1144 (citation omitted). "A UCL action is equitable in nature," and "damages cannot be recovered." *Id.* (citation omitted). "Prevailing plaintiffs are generally limited to injunctive relief and restitution." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999) (citations omitted). But, "[r]egardless of whether California authorizes its courts to award equitable [relief] under the UCL . . . when a plain, adequate, and complete remedy exists at law, . . . federal courts [must] rely on federal equitable principles before allowing equitable [relief] in such circumstances." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020). Under

traditional federal equitable principles, a party must demonstrate, among other things, an inadequate remedy at law before obtaining equitable relief. *See, e.g.*, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.").

Defendant contends Plaintiff's UCL claim should be dismissed because the UCL provides only equitable remedies in private actions and Plaintiff has an adequate remedy at law, namely damages. (ECF No. 16-1 at 4–6.) Defendant also argues Plaintiff did not, and cannot, plead facts demonstrating she lacks an adequate remedy at law as *Sonner* requires. (*Id.* at 5.) In opposition, Plaintiff argues "it is premature for the Court to decide whether Plaintiff has an adequate remedy of law" because *Sonner* affirmed the dismissal of a UCL claim "on the eve of trial" rather than at the pleading stage. (ECF No. 21 at 1, 4–6.) Plaintiff further argues she lacks an adequate remedy at law for one year of her alleged injuries because the statute of limitations for her labor law claims is three years, whereas the statute of limitations for the UCL claim is four years.[3] (*Id.* at 1, 7.) In reply, Defendant contends *Sonner* applies to the present proceedings and the longer statute of limitations for UCL claims does not leave Plaintiff without an adequate legal remedy.

Plaintiff correctly notes there is an intra-circuit split concerning *Sonner*'s applicability at the pleading stage. (ECF No. 21 at 9 (citing cases).) However, this Court has held *Sonner* applies at the pleading stage. *Guzman v. Graham Packaging Co., L.P.*, 2:24-cv-00498-TLN-AC, 2024 WL 4289581, at *2, *6 (E.D. Cal. Sept. 25, 2024); *Garcia v. Anane Enter. LLC*, 2:24-cv-01993-TLN-CKD, 2025 WL 894616, at *1, *12 (E.D. Cal. Mar. 24, 2025). Accordingly, the Court agrees with Defendant and finds Plaintiff fails to state a claim under the UCL. While California courts may award equitable relief on a UCL claim notwithstanding a plaintiff's adequate remedy at law, federal courts may not. *Sonner*, 971 F.3d at 845. To obtain equitable relief here, Plaintiff must demonstrate she has no adequate remedy at law. *Id.* Plaintiff's FAC

---

[3] Plaintiff also contends her UCL claim is proper because she presented it in the alternative. (ECF No. 21 at 1, 3–4.) Defendant correctly notes Plaintiff did not plead the UCL claim in the alternative. (ECF No. 22 at 6.) The Court declines to address this argument because it grants Defendant's motion to dismiss on the independent ground that Plaintiff fails to, and cannot, plead that she lacks an adequate remedy at law for her alleged injuries.

does not merely lack such allegations. Rather, the FAC expressly seeks compensatory, special, and punitive damages, all of which are remedies at law. (*See* ECF No. 15 at 26.) Plaintiff's requested legal relief therefore directly mirrors her equitable claim that she is entitled to "damages and/or restitution of all monies and profits to be disgorged from Defendants" based on the injuries she allegedly suffered. (*Id.* at 25.) Thus, Plaintiff has failed to demonstrate she has an inadequate remedy at law and may not proceed on her equitable claim in federal court. *Sonner*, 971 F.3d at 845.

Moreover, Plaintiff does not lack an adequate legal remedy based on the one-year difference in the statutes of limitations for Plaintiff's labor law and UCL claims. (ECF No. 21 at 7–8.) Faced with a similar one-year discrepancy between the statutes of limitations for claims under the UCL and another statute, the Ninth Circuit held "equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar." *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022). This Court recently applied *Guzman* to find a plaintiff had no entitlement to restitution based on the one-year difference in the statutes of limitations for UCL and labor law claims. *Garcia*, 2025 WL 894616, at *12–13. Precisely the same is true here: Plaintiff would have had an adequate legal remedy for the additional year of alleged injuries that fall within the UCL's statute of limitations if she had acted within the shorter limitations period for labor law claims. Plaintiff's UCL claim therefore is the proper subject of dismissal, notwithstanding the UCL's longer statute of limitations.

In the instant case, Plaintiff cannot amend the FAC to show why the remedies she seeks under California labor law are inadequate. Accordingly, the Court DISMISSES Plaintiff's UCL claim without leave to amend. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) ("[L]eave to amend will not be granted where an amendment would be futile." (citation omitted)).

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Partial Motion to Dismiss without leave to amend. (ECF No. 16.) Defendant shall file its answer not later than twenty-one (21) days from the date of this Order.

IT IS SO ORDERED.

DATE: September 18, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE